J-S54042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENDALL HUDSON | : | |
| | : | |
| Appellant | : | No. 526 WDA 2017 |

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Forest County
Criminal Division at No(s):  CP-27-CR-0000077-2016

BEFORE:   OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 22, 2017**

Appellant, Kendall Hudson, appeals from the judgment of sentence entered in the Forest County Court of Common Pleas after he pleaded guilty to one count of assault by prisoner.[1]  Appellant challenges the legality of the trial court's sentence of 40 to 120 months' imprisonment and the imposition of a $2,500 fine.  Appellant's counsel ("Counsel") has filed a petition to withdraw and submitted an **Anders**/**Santiago**[2] brief.  We grant Counsel's petition to withdraw and affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2703(a).

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On April 22, 2016, Appellant struck a correctional officer in the face several times with a closed fist. The officer suffered a laceration under his left eye and a broken nose. Appellant was charged with aggravated assault, assault by prisoner, and simple assault.

On November 9, 2016, Appellant entered an open guilty plea to assault by prisoner, a felony of the second degree. That same day, the trial court sentenced him to serve 40 to 120 months' imprisonment and pay a fine of $2,500 and the costs of prosecution. The trial court nol prossed the remaining charges.

On November 21, 2016, Counsel timely filed a post-sentence motion for reconsideration claiming that the maximum term of imprisonment and fine were excessive.[3] The trial court held a hearing on December 16, 2016, and denied Appellant's post-sentence motion that same day. Appellant timely filed a notice of appeal. In response to the trial court's order for the submission of a Pa.R.A.P. 1925(b) statement, Counsel filed a statement of her intent to file an **Anders**/**Santiago** brief. **See** Pa.R.A.P. 1925(c)(4).

Counsel's **Anders**/**Santiago** brief identifies the following claims for review:

> I. Whether Appellant's sentence is illegal because his maximum period of incarceration is more than twice his minimum period of incarceration?

---

[3] Because the tenth day following sentencing fell on Saturday, November 19, 2016, Appellant's counseled post-sentence motion was timely filed. **See** 1 Pa.C.S. § 1908. We note that Appellant also sent to the trial court a *pro se* motion asserting that the maximum aspect of his sentence was illegal.

II. Whether Appellant's sentence is illegal where the sentencing court imposed fines and costs without taking into account Appellant's ability to pay?

*Anders*/*Santiago* Brief at 4.

We first consider Counsel's request to withdraw. ***See***

***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008).

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in [***Santiago***]. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's reasons for concluding that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014)

(some citations omitted).

Instantly, Counsel has complied with the procedures for petitioning to withdraw and submitted a brief that complies with the requirements of **Anders** and **Santiago**. Therefore, we proceed to an independent review to determine "whether the appeal is in fact frivolous." **Id.** at 882 n.7 (citation and quotation marks omitted).

Appellant's first intended issue is that the maximum sentence of 120 months' imprisonment is illegal.[4] According to Counsel, Appellant claims that the maximum sentence is illegal because it is more than double his minimum sentence. We agree that this claim is frivolous.

The Sentencing Code provides, in relevant part, that the trial court must "impose a **minimum** sentence of confinement **which shall not exceed one-half of the maximum** sentence imposed." 42 Pa.C.S. § 9756(b)(1) (emphases added). The permissible maximum sentence for a felony of the second degree is "not more than ten years." 18 Pa.C.S. § 1103(2).

---

[4] Although this claim was not preserved in Appellant's counseled post-sentence motion, this Court may address it *sua sponte* as a challenge to the legality of the sentence. **See Commonwealth v. Milhomme**, 35 A.3d 1219, 1221 (Pa. Super. 2011) (reiterating that "[a] challenge to the legality of sentence is non-waivable[,]" and that "[o]ur scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo*"). We note that although Appellant's *pro se* post-sentence motion is technically a nullity because it was filed while Counsel represented Appellant, he asserted that "the overlapping maximum . . . isn't even with the minimum." Appellant's *Pro Se* Post-Sentence Mot., 11/18/17, ¶ 8.

Although Section 9756(b)(1) provides that a maximum sentence be at least double the minimum sentence imposed by the trial court, it does not limit the trial court's authority to impose a maximum sentence greater than double the minimum. Thus, Counsel properly determined that Appellant's intended claim misconstrues the controlling statute. Moreover, Appellant's maximum sentence did not exceed the statutory maximum for the offense. *See* 18 Pa.C.S. § 1103(2). Accordingly, we conclude Appellant's intended challenge to the maximum aspect of his sentence is frivolous.

The second issue identified by Counsel is a challenge to the costs of prosecution[5] and the $2,500 fine. According to Counsel, Appellant claims that these sanctions are illegal because "the sentencing court imposed fines and costs without taking into account [his] ability to pay." ***Anders***/***Santiago*** Brief at 10. We conclude this issue is also frivolous.

With respect to the costs of prosecution, 16 P.S. § 1403 provides, in part: "In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant." 16 P.S. § 1403. Section 1403 does not expressly provide for consideration of the defendant's ability to pay when the costs of prosecution are imposed as part of the sentence. It is well

---

[5] The docket indicates that Appellant was assessed $50 for the costs of prosecution. Appellant's total costs and fees in this case was $572.

settled that a defendant is not entitled to an ability to pay hearing before the imposition of costs. *See Commonwealth v. Hernandez*, 917 A.2d 332, 337 (Pa. Super. 2007). Therefore, Appellant's claim that the trial court failed to consider his ability to pay before imposing costs lacks any legal basis.

As to fines, 42 Pa.C.S. § 9726 authorizes the trial court to sentence a defendant to pay a fine in addition to a sentence of imprisonment if "the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant." 42 Pa.C.S. § 9726(b)(2). Section 9726(c) states: "The court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S. § 9726(c).

This Court has stated that "a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories." *Commonwealth v. Boyd*, 73 A.3d 1269, 1273 (Pa. Super. 2013) (*en banc*). Possible claims include: (1) the absence of "a record of the defendant's ability to pay before the sentencing court[;]" (2) the failure of "the sentencing court [to] consider evidence of record[;]" and (3) the failure of the sentencing court "to permit the defendant to supplement the record." *Id.* The second and third categories go to the discretionary aspect

of the sentence. *Id.* at 1274. Only the first category—*i.e.*, the complete absence of a record of the defendant's ability to pay—constitutes a challenge to the legality of the sentence. *Id.* at 1273.

Here, Counsel's analysis focuses on a legality of sentence challenge. Counsel notes that this Court in *Boyd* held that the presentence investigation report ("PSI") constitutes part of the record and that the information contained in the PSI may provide a sufficient evidentiary basis for the trial court to consider the defendant's ability to pay. *Anders/Santiago* Brief at 11; *see Boyd*, 73 A.3d at 1274 (noting that the PSI in that case contained information regarding the defendant's educational and employment history, as well as his existing assets). Counsel also notes that the $2,500 fine is "relatively modest." *Anders/Santiago* Brief at 11. We agree that Appellant is not entitled to relief on this claim for separate reasons.

Initially, we note that Counsel represented Appellant in the trial court and had an opportunity to review and amend Appellant's PSI before sentencing. *See* N.T. Sentencing, 11/9/16, at 6-7 (indicating present counsel reviewed the PSI and made a correction that Appellant received a high school diploma). Nevertheless, the PSI was not made part of the certified record transmitted to this Court, which hampers our ability to conduct an independent review of Counsel's assessment of this claim.

In any event, the record reveals that the trial court was informed of several factors relevant to Appellant's ability to pay. Appellant was a high school graduate, was twenty-eight years old at the time of sentencing in the present case, and, of particular significance, was serving previously imposed sentences, the minimums of which would not expire until approximately 2050. *Id.* at 7, 10. Thus, the trial court was apprised of factors relevant to Appellant's ability to pay at the time of sentencing. Accordingly, Appellant's intended challenge to the legality of the trial court's failure to consider his ability to pay lacks support in the record.

As to the discretionary aspects of Appellant's ability to pay claim, it is well settled that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). One requirement for preserving a discretionary aspects claim for appeal is that the defendant object in the trial court. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003). If the defendant does not give the trial court an opportunity to reconsider or modify its sentence on a specific basis, the claim will be deemed waived. *Id.*; *see also* Pa.R.A.P. 302(a).

Instantly, Appellant challenged the imposition of the costs and the fine as excessive in his post-sentence motion. At the beginning of the hearing on the post-sentence motion, Appellant's counsel reiterated that Appellant

believed that "the fine that was imposed is excessive as he lacks the ability to pay." N.T., 12/16/16, at 3. The trial court thereafter discussed its decision to impose the 40 to 120 month term of imprisonment and denied the post-sentence motion. *Id.* at 5-7. No further discussions occurred regarding the fine. Aside from the boilerplate assertion that the fine was excessive in light of Appellant's ability to pay, Appellant's counsel failed to identify a specific discretionary argument regarding the adequacy of the trial court's consideration of Appellant's ability to pay. Therefore, we are constrained to conclude that a discretionary challenge to the imposition of the fine is waived, and that this Court is precluded from addressing that issue. *See* Pa.R.A.P. 302(a); *Mann*, 820 A.2d at 794.

Thus, we concur with the assessment of Appellant's counsel that Appellant's intended claims are frivolous and having conducted an independent review, we discern no further issues of arguable merit preserved for review. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2017