J-S59042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH BOYCE | |
| Appellant | No. 2510 EDA 2016 |

Appeal from the Judgment of Sentence July 5, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007486-2014,
CP-51-CR-1004931-2001

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 12, 2017**

Appellant, Joseph Boyce, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following the revocation of his probation in two cases.  Appellant claims that the sentence imposed in one of the cases, CR-1004931-2011, is illegal because a prior revocation sentence in that case exceeded the maximum permissible sentence for the underlying offense.  We vacate the judgment of sentence and remand this case for further proceedings.

The trial court set forth the procedural history of this appeal as follows:

---

* Former Justice specially assigned to the Superior Court.

In 2001, [Appellant] was charged with Burglary, Criminal Mischief, Attempted Theft Unlawful Taking, Criminal Trespass, and Criminal Conspiracy on case CP-51-CR-1004931-2001. On August 1, 2002, Judge Denis Cohen accepted a negotiated guilty plea to Burglary as a felony of the second degree and sentenced Appellant to five years probation. The remaining charges were nolle prossed.

On September 8, 2004, Appellant was found in violation of his probation by Judge Cohen. His probation was revoked and he was sentenced to a new period of five years probation. On February 28, 2005, Appellant was again found in violation of probation and was sentenced to 11½-23 months of incarceration followed by five years probation. On October 10, 2010 Appellant violated his probation for a third time. His probation was revoked, and he was sentenced to ten years probation. On June 18, 2012, Appellant was found in violation of his probation once again by Judge Cohen and he was sentenced to 11½-23 months of incarceration followed by eight years probation. On October 9, 2014, this Court accepted a negotiated guilty plea to Theft as a felony of the third degree on case CP-51-CR-0007486-2014. Appellant was sentenced to 6-23 months incarceration followed by two years probation. This Court also assumed supervision of case CP-51-CR-1004931-2001 due to Judge Cohen transferring to the Civil Trial Division. The Court found Appellant to be in direct violation of his Probation but allowed him to continue his probation with the added requirement that Appellant attend drug treatment.

On July 5, 2016, this Court found Appellant to be in violation of his probation on cases CP-51-CR-1004931-2001 and CP-51-CR-0007486-2014. Appellant was sentenced to 2 ½-5 years incarceration followed by three years probation on CP-51-CR-1004931-2001 and 2½-5 years incarceration on case CP-51-CR-0007486-2014 to run concurrent to each other.

Appellant filed a Motion for Reconsideration of the violation of probation sentences. The Court denied the motion on July 22, 2016. Appellant filed a timely Notice of Appeal to the Superior Court on August 4, 2016.

Trial Ct. Op. at 1-2, 2/16/17, at 1-2.

Appellant presents the following question involved in this appeal:

> Did not the [trial] court, on July 5, 2016, impose an illegal sentence on Docket No. CP-51-1004931-2001 charging Appellant with second degree felony burglary, where the sentence on which Appellant's probation was revoked was illegal as was the sentence before that, since on October 14, 2010, the [trial] court imposed a sentence of 10 years' reporting probation after a revocation which, when added to the period of incarceration Appellant had already served, surpassed the maximum sentence permitted by law, as did the revocation of sentence of 11 1/2 to 23 months followed by 8 years' reporting probation imposed on June 18, 2012, and thus, because the original sentences were illegal, Appellant cannot be found in violation of an illegal sentence, making his current sentence also illegal?

Appellant's Brief at 3.

Preliminarily, we note there is no dispute that that prior revocation sentences imposed on October 14, 2010 and July 18, 2012 in this matter were illegal, because they exceeded the lawful maximum sentences applicable at those times. Appellant relies on **Commonwealth v. Milhomme**, 35 A.3d 1219 (Pa. Super. 2011), and asserts that he is entitled to have the instant sentence vacated. The trial court, however, concluded that because Appellant had only served 1,747 days in custody on the offense, the present sentence was proper. The Commonwealth relies in part on **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013), and contends that **Milhomme** should not apply because Appellant failed to

challenge the prior illegal sentences in a timely manner. For the reasons that follow, we conclude that Appellant is entitled to resentencing.

It is well settled that a claim of an illegal sentence is non-waivable and subject to correction. *Milhomme*, 35 A.3d at 1221. However, a challenge to the legality of a sentence is cognizable under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and is subject to the PCRA's timeliness requirements. *See Infante*, 63 A.3d at 365. Thus, "a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA." *Id.* (citation omitted).

In *Milhomme*, the trial court initially sentenced the defendant on July 25, 2007, and ordered him to serve two years' probation on the condition that he serve four month's incarceration in county jail. *Milhomme*, 35 A.3d at 1220. He was subsequently found in violation of his probation and resentenced in June and July 2008, as well as January 2010. *Id.* On October 2, 2010, the trial court found that the defendant violated his probation again and resentenced him to two to four years' imprisonment. *Id.* at 1220-1221.

The defendant took an appeal arguing that the October 2, 2010 sentence was illegal because the original, July 25, 2007 sentence was illegal. *Id.* at 1221. The *Milhomme* Court agreed that the July 25, 2007 sentence was illegal because it contained an impermissible flat sentence of four months' incarceration. *Id.* (discussing 42 Pa.C.S. § 9756). The Court then

relied on *Commonwealth v. Everett*, 419 A.2d 793 (Pa. Super. 1980) (*per curiam*),[1] and concluded that "because the original sentence was illegal . . . the recent probation revocation sentence is also illegal . . . ." *Id.* at 1222. Therefore, the *Milhomme* Court vacated both the initial July 25, 2007 sentence, as well as the August 2, 2010 sentence under appeal, and remanded for resentencing. *Id.*

In *Infante*, the defendant was charged with two counts of driving under the influence ("DUI") based on separate incidents. *Infante*, 63 A.3d at 360. On April 13, 2009, he pleaded guilty to both charges, which were regarded as a first and second offense under 75 Pa.C.S. §§ 3804(c) and 3806. *Id.* at 360-61, 363. He was sentenced to three days' to six months' incarceration for the first offense, and ninety days' to twelve month's incarceration and two years' concurrent probation for the second offense. *Id.* at 361. The defendant did not take a direct appeal. Six months after the imposition of sentence, the Pennsylvania Supreme Court concluded that section 3804(c) was a recidivist sentencing provision that required a conviction on the first offense to occur before the defendant committed a second offense. *Id.* at 361, 364 (discussing *Commonwealth v. Haag*, 981 A.2d 902, 907 (Pa. 2009)). The defendant subsequently violated his probation and was resentenced on December 19, 2011, to six months' to twenty-three months' and fifteen days' imprisonment. *Id.* at 362.

_____

[1] *Everett* was decided before the PCRA time limitations were enacted.

The defendant appealed asserting that his original sentence was illegal under *Haag* and therefore the revocation sentence was illegal. The *Infante* Court agreed that the original sentence was illegal because it treated the defendant's second DUI charge as a second offense. *Id.* at 367. The Court, however, concluded that the defendant waived his right to challenge the legality of the original sentence because he did not take a direct appeal or file a timely PCRA petition. *Id.* However, the Court also found that the revocation sentence was illegal as it exceeded the maximum permissible sentence for a first DUI offense and remanded for resentencing. *Id.* at 368.

In finding waiver of the defendant's challenge to the legality of the original sentence, the *Infante* Court distinguished *Milhomme*. Specifically, the *Infante* Court noted that *Milhomme* determined that the original sentence was illegal based on the law in existence at the time of sentencing rather than a new decision issued after the imposition of sentence. *Id.* at 367 n.4. The *Infante* Court further called into question *Milhomme*'s reliance on *Everett* to invalidate a defendant's original sentence in light of the PCRA time bar. *Id.*

We note that *Milhomme* and *Infante* were both decisions issued by three-judge panels of this Court. Although *Infante* called into question *Milhomme*'s reasoning, it is well settled that a three-judge panel may not overrule a prior decision of another three-judge panel. *Commonwealth v. Hill*, 705 A.2d 911, 912 (Pa. Super. 1998).

- 6 -

Following our review, we conclude that **Milhomme** remains binding on this panel and constrains us to find the instant sentence illegal because it was imposed based on two prior illegal revocation sentences. Unlike **Infante**, the illegality of the prior sentences was not a product of intervening case law. The facts that the present case involves several revocation sentences, as opposed to an original sentence, or a probationary sentence do not meaningfully distinguish **Milhomme**. Therefore, we vacate the present sentence, as well as the October 10, 2010 sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

PJE Bender joins the Memorandum.

Judge Ott Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017