J-S05007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA |
| v. | : |
| JULIUS JEVON GREER | : |
| Appellant | : No. 1514 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 12, 2025
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002596-2020

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED APRIL 17, 2026**

Julius Jevon Greer appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County following the revocation of his parole. Greer argues that his current revocation sentence is illegal because it is based on a prior revocation sentence imposed in violation of Pennsylvania Rule of Criminal Procedure 708. After careful review, we affirm.

We glean the following facts from the certified record. On April 27, 2021, Greer entered an open guilty plea to one count each of Strangulation, 18 Pa.C.S.A. § 2718(a)(1), and Simple Assault, 18 Pa.C.S.A. § 2701(a)(1). On May 26, 2021, Greer was sentenced to a concurrent term of 15 days to 23 months incarceration and one year of probation. As part of his sentence, he

_____

[*] Retired Senior Judge assigned to the Superior Court.

was ordered to undergo a drug and alcohol evaluation and follow recommended treatment. He was granted parole on June 18, 2021, and his period of supervision was set to expire on May 2, 2023.

On April 17, 2023, the Adult Probation and Parole Department filed a petition to schedule a hearing and find Greer in violation of his parole. A hearing was scheduled for, and held on, June 5, 2023. On June 7, 2023, the hearing officer issued his recommendations finding that Greer had violated his parole by failing to report for drug and alcohol testing and treatment. Greer's parole was revoked and the balance of the maximum term, 22 months and 14 days, was reinstated effective June 5, 2023. He was granted immediate parole, and his new period of supervision was set to expire on April 18, 2025.

On January 29, 2025, Greer pled guilty in Montgomery County to one felony count of Strangulation, 18 Pa.C.S.A. § 2718(a)(1), based on an incident that occurred in July 2024, and was sentenced to 18 to 60 months imprisonment.[1] **See** Docket Sheet, CP-46-CR-0003752-2024.

Based on the new conviction, a violation of parole hearing was held on May 12, 2025. At the conclusion of the hearing, the trial court found Greer in violation of his parole conditions and sentenced Greer to the balance of the maximum term, 22 months and 14 days, imposed consecutively to Greer's

_____

[1] The victim in the first strangulation case was the mother of his oldest child while the victim in the second July 2024 strangulation case was the mother of his two youngest children. **See** N.T., 5/12/25, at 9-10.

sentence for the Montgomery County case. Greer did not file a post-sentence motion.

Greer appealed. The trial court ordered Greer to file a Pa.R.A.P. 1925(b) statement. Greer sought an extension to file a Rule 1925(b) statement which the trial court granted. Thereafter, however, defense counsel instead filed a Statement of Intent to File an **Anders**[2] Brief. **See** Pa.R.A.P. 1925(c)(4). In response to defense counsel's statement, the trial court filed a one paragraph statement, in which it stated that "[t]he court has reviewed the record in this matter and finds no issues which would entitle [Greer] to relief." Trial Court Opinion, 9/11/25. Defense counsel never filed a petition to withdraw with this Court and instead filed an appellate brief on Greer's behalf.

In his appellate brief, Greer raises the following issue for the first time: "Is the revocation sentence imposed on May 12, 2025 unlawful because it is based on a prior unlawful revocation sentence imposed on June 7, 2023?" Appellant's Brief, at 2 (unnecessary capitalization omitted).

"The scope of review in a direct appeal following revocation . . . is limited to the validity of the revocation proceedings and the legality of the judgment of sentence." **Commonwealth v. Anderson**, 788 A.2d 1019, 1022 (Pa. Super. 2001) (citation omitted). Greer's claim implicates the legality of his sentence, for which our standard of review is *de novo* and our scope of review

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

is plenary. *See Commonwealth v. Harper*, 273 A.3d 1089, 1093 (Pa. Super. 2022).

Greer asserts that his revocation sentence imposed on June 7, 2023, was illegal, in violation of Pennsylvania Rule of Criminal Procedure 708, because there were no transcripts or audio recordings of any colloquies to establish that Greer made a knowing, voluntary, and intelligent waiver of his right to counsel. *See* Appellant's Brief, at 15-17. Therefore, Greer argues, that "[s]ince the original probation was illegal, the sentence of imprisonment imposed for violation of that probation was illegal, and both must be vacated." *Id.* at 17 (quoting *Commonwealth v. Everett*, 419 A.2d 793, 794 (Pa. Super. 1980) (*per curiam*) and *Commonwealth v. Milhomme*, 35 A.3d 1219, 1222 (Pa. Super. 2011)). The Commonwealth argues that the issue is waived because it was not raised in a Rule 1925(b) statement when counsel instead filed a statement of intent to file an *Anders* brief. *See* Appellee's Brief, at 4-7. Furthermore, the Commonwealth contends that we lack jurisdiction to consider Greer's claim because it is a collateral attack on his June 7, 2023, revocation sentence, which had to be raised in a direct appeal from that sentence or in a timely Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, petition. *See id.* at 7-11.

This case highlights the subtle distinction between waiver and jurisdiction. As Greer recognizes, he did not raise the issue in the court below and did not raise the issue in a Rule 1925(b) statement. *See* Appellant's Brief,

at 2, 8. Ordinarily, this would result in waiver of the issue. However, legality of sentence claims are non-waivable and failure to include the claim in a Rule 1925(b) statement does not result in waiver. *See Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008). Therefore, we decline to find that Greer has waived the issue.

Nevertheless, we must still have jurisdiction to review the issue. We may consider the legality of a sentence, and even raise the issue *sua sponte*, on direct review of the sentence in question. *See Commonwealth v. Verma*, 334 A.3d 941, 951 (Pa. Super. 2025). Otherwise, the PCRA is "the sole means of obtaining collateral relief" for a legality of sentence claim. 42 Pa.C.S.A. § 9542. The PCRA's requirement that a petition be filed within one year of the date the judgment of sentence becomes final "is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Accordingly, a reviewing court does not have jurisdiction to consider a legality of sentence claim raised in an untimely PCRA petition. *See Commonwealth v. Powell*, 290 A.3d 751, 758-59 (Pa. Super. 2023). Therefore, "a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

- 5 -

Moreover, we may not consider the prior revocation proceedings in the instant appeal. In **Commonwealth v. Diaz**, 314 A.3d 852, 853 (Pa. Super. 2024), *appeal denied*, 332 A.3d 1182 (Pa. 2025), the defendant appealed his 2022 violation of probation sentence. He argued that his previous 2009 violation of probation sentence was illegal which rendered all subsequent sentences illegal including his 2022 sentence that he appealed from. **See id.** at 854. We rejected his argument and explained

> the only judgment of sentence now before this Court on direct appeal is the one entered on June 23, 2022. His prior sentences, including those imposed in 2009 and 2018, are of no moment because they long have been final. Appellant is therefore precluded from disturbing those prior sentences at the present juncture, when only his present sentence is before us.

**Id.** at 855; **see also Commonwealth v. Crum**, 323 A.3d 233, 2024 WL 3200044, at *5 (Pa. Super. filed June 27, 2024) (unpublished memorandum).[3]

Here, Greer never filed a direct appeal or a timely PCRA petition challenging the June 7, 2023, sentence. Further, his instant appeal was not filed within one year from when the June 7, 2023, sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(3). Although he purports to challenge the legality of his May 12, 2025, sentence from which he appealed, in reality his claim is a collateral challenge to his June 7, 2023, revocation sentence. We lack jurisdiction to review such a claim when he never filed a direct appeal or timely PCRA petition from that order. **See Diaz**, 314 A.3d at 855.

---

[3] This Court may cite to unpublished, non-precedential memoranda decisions of the Superior Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

Accordingly, Greer is not entitled to relief and we affirm.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/17/2026