419 A.2d 793
**COMMONWEALTH of Pennsylvania,**
v.
**David Donald EVERETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed May 16, 1980.

324

John A. Halley, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

PER CURIAM:

Appellant pled guilty, in 1975, to one count each of carrying a firearm without a license [1] and altering or obliterating marks of identification thereon.[2] He was sentenced to five years' probation, with an alternate sentence of two and one–half to five years' imprisonment. In 1976, following appellant's conviction of an unrelated offense, his probation was revoked and he was sentenced to two to four years' imprisonment. No direct appeal was taken. Appellant filed a petition under the Post–Conviction Hearing Act (PCHA), alleging the invalidity of his plea due to his lack of understanding of the alternate sentence. The court below denied the petition after a hearing.

 Alternate sentences had already been proscribed by the Sentencing Code by the time appellant was sentenced.[3] Even though appellant has failed to raise this issue, our consideration thereof is not precluded. *Commonwealth v. Betoni*, 254 Pa.Super. 26, 385 A.2d 506 (1978); *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995 (1977). Since the original probation was illegal, the sentence of imprisonment imposed for violation of that probation was illegal, and both must be vacated. *Commonwealth v. Betoni, supra.*

 Judgments of sentence vacated and case remanded for imposition of a lawful sentence. The order of the court below is reversed.[4]

1. 18 Pa.C.S. § 6106.

2. 18 Pa.C.S. § 6117.

3. 18 Pa.C.S. § 1354(d).

4. In the interests of judicial economy, we note that, both when appellant was first sentenced and when his probation was revoked, the court below failed to place upon the record its reasons for imposing the sentences selected. Such a statement is required by *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).