COMMONWEALTH of Pennsylvania, Appellee

v.

Robert Joseph MILHOMME, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 14, 2011.

Filed July 21, 2011.

Jason G. Pudleiner, Public Defender, Clearfield, for appellant.

William A. Shaw, Jr., Assistant District Attorney, Clearfield, for Commonwealth, appellee.

BEFORE: BENDER, SHOGAN and OTT, JJ.

OPINION BY SHOGAN, J.:

Appellant, Robert Milhomme, appeals from the judgment of sentence entered August 2, 2010, following the revocation of his probation. After careful review, we vacate and remand.

The record reflects that Appellant initially pled guilty on July 25, 2007 to Delivery of a Controlled Substance[1] and received a sentence of two (2) years probation conditioned upon Appellant serving four (4) months in the Clearfield County Jail ("CCJ"). On June 9, 2008, Appellant violated his probation and was resentenced to two (2) years probation conditioned upon Appellant serving forty (40) days in the CCJ. Appellant again violated probation and was resentenced on July 14, 2008, to two (2) years probation, on the condition that he serve sixty (60) days in the CCJ. On January 11, 2010, Appellant once again violated his probation and was resentenced to a sentence of sixty (60) days to one (1) year in the CCJ, plus a consecutive two (2) years of probation.

Appellant failed to appear for a subsequent scheduled revocation hearing on May 10, 2010, and as a result, a bench warrant was issued. After the probation revocation hearing, Appellant was once again found guilty of violating his probation and was sentenced to twenty-four (24)

---

1. 35 P.S. § 780–113(a)(30).

months to four (4) years incarceration on August 2, 2010.

Following this most recent probation revocation, Appellant filed a post-sentence motion on August 11, 2010, alleging that the underlying sentence was illegal and thus seeking a vacation of the probation revocation sentence. The trial court denied Appellant's post-sentence motion on August 30, 2010. Appellant filed a notice of appeal on August 31, 2010. On September 17, 2010, Appellant filed a Statement of Errors Complained of on Appeal, pursuant to court order.

Appellant presents the following issue for our review:

Whether the lower court erred by denying Appellant's Motion to Vacate Sentence of a probation/parole violation pursuant to *Commonwealth v. Basinger*, 982 A.2d 121 (Pa.Super.2009).

Appellant's Brief at 6.

Appellant argues that his revocation sentence of August 2, 2010 is illegal because his original sentence of July 25, 2007 (before multiple probation violations) was illegal. Appellant maintains that a defendant cannot violate the terms of his probation/parole when the original sentence imposed was illegal. Appellant contends that his original 2007 sentence was illegal because he was sentenced to two (2) years probation on the condition that he serve four (4) months in the CCJ and cites *Commonwealth v. Basinger*, 982 A.2d 121 (Pa.Super.2009) in support of that argument.

 Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo*. *Commonwealth v. Brougher*, 978 A.2d 373, 377 (Pa.Super.2009). A challenge to the legality of the sentence is non-waivable. *Commonwealth v. Williams*, 920 A.2d 887, 888 (Pa.Super.2007).

As noted above, on July 25, 2007, following Appellant's conviction for delivery of a controlled substance, the trial court sentenced him to a period of two (2) years probation, on the condition that he serve four (4) months in the CCJ. Appellant was most recently found guilty of once again violating his probation on August 2, 2010 and was sentenced to twenty-four (24) months to four (4) years incarceration.

In *Basinger*, the appellant received a sentence that included imprisonment as an element of probation. After examining sections of the Sentencing Code and relevant case law, this Court concluded: "the conditions the court imposes [in an order of probation] may not be punitive *and may not include incarceration.*" *Basinger*, 982 A.2d at 129 (emphasis in original). Thus, the sentence Appellant originally received would be illegal in light of this holding in *Basinger*. The necessary distinction, however, is that *Basinger* was filed on October 21, 2009, more than two years after Appellant was sentenced. Therefore, Appellant's sentence in July of 2007 was not illegal at the time it was imposed on the basis of this holding in *Basinger*. We do find, however, that Appellant's original sentence was illegal on other grounds.

A flat sentence violates section 9756 of the sentencing code because it fails to specify the required minimum term, which cannot be more than one-half of the maximum penalty imposed. *Commonwealth v. Cain*, 432 Pa.Super. 47, 637 A.2d 656, 658–659 (1994); see 42 Pa.C.S.A. § 9756(b). "[W]e have long concluded that where the trial court violates the Sentencing Code by failing to impose both a minimum and maximum sentence pursuant to 42 Pa. C.S.A. § 9756(b), the sentence is illegal and must be vacated." *Commonwealth v. Robinson*, 7 A.3d 868, 870 (Pa.Super.2010).

■ Appellant's original sentence included a term of incarceration of four (4) months. Because this sentence of imprisonment did not include a minimum and maximum sentence pursuant to 42 Pa. C.S.A. § 9756(a) and (b), we are constrained to conclude that it was illegal.

■ We must now determine the impact that the illegality of the original sentence has on the probation revocation sentence being challenged here. In *Commonwealth v. Everett*, 277 Pa.Super. 323, 419 A.2d 793 (1980), we addressed the following scenario:

> Appellant pled guilty, in 1975, to one count each of carrying a firearm without a license and altering or obliterating marks of identification thereon. He was sentenced to five years' probation, with an alternate sentence of two and one-half to five years' imprisonment. In 1976, following appellant's conviction of an unrelated offense, his probation was revoked and he was sentenced to two to four years' imprisonment. No direct appeal was taken. Appellant filed a petition under the Post–Conviction Hearing Act (PCHA), alleging the invalidity of his plea due to his lack of understanding of the alternate sentence. The court below denied the petition after a hearing.

*Everett*, 419 A.2d at 794 (footnotes omitted). After noting that alternate sentences had already been proscribed by the Sentencing Code by the time appellant was sentenced, we concluded as follows: "Since the original probation was illegal, the sentence of imprisonment imposed for violation of that probation was illegal, and both must be vacated." *Id.*

Here, because the original sentence was illegal, we conclude that the recent probation revocation sentence is also illegal pursuant to *Everett*. Thus, we are constrained to vacate Appellant's original July 25, 2007 sentence, and his August 2, 2010 probation revocation sentence, and remand this matter for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

OTT, J., Concurs in the Result.