J-S58017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY L. DUFOUR, | |
| Appellant | No. 1957 WDA 2013 |

Appeal from the PCRA Order November 8, 2013
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000395-1999

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED AUGUST 29, 2014**

Appellant, Timothy L. Dufour, appeals *pro se* from the November 8, 2013 order denying his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On November 21, 2001, Appellant pled guilty to attempted statutory sexual assault, obscene and sexual materials (OSM), corruption of minors (COM), and indecent assault.  That same day, Appellant was sentenced to one to five years' incarceration for attempted statutory sexual assault, five years' probation for OSM, five years' probation for COM, and two years' probation for indecent assault.  Appellant's terms of probation were all

_____

[*] Retired Senior Judge assigned to the Superior Court.

imposed to run concurrently with one another, but consecutive to his term of incarceration.

On September 10, 2007, [Appellant] was found to have violated the terms and conditions of his probation and was resentenced, on the [OSM] charge, to a period of three … years['s probation] …, on [the] condition that [Appellant] serve thirty … days in the Clearfield County Jail. At sentencing, the [c]ourt noted that all terms of the original sentencing order not inconsistent with the resentencing continued to be in effect. Therefore, the sentence on the [COM] charge [of] five … years['] probation … and the two … years['] probation … on the [i]ndecent [a]ssault charge remained in effect.

On December 8, 2008, [Appellant]'s probation was again revoked and he was resentenced to serve five … years['] probation on the charge of [OSM] and five years['] probation concurrent to the first on the charge of [COM].

On January 16, 2012, [Appellant] filed a Motion to Correct Illegal Sentence. A violation of probation report was filed as well. A hearing on the Motion and probation violation was scheduled for February 13, 2012. At the hearing, the [c]ourt entered an order which vacated its sentence that was entered on September 10, 2007, based on the precedent **Commonwealth v. Basinger**, 982 A.2d 121 (Pa. Super. Ct. 2009) (holding that a flat term of imprisonment as a condition of probation is an illegal sentence). [Appellant's] probation was then revoked and he was resentenced to serve an aggregate sentence of thirty … days['] to ten … years['] in state prison.[1] A Post-Sentence Motion was filed by [Appellant's] counsel at that time on February 17, 2012. However, [Appellant's] counsel … withdrew soon after.

_____

[1] The sentences were: fifteen ... days['] to five … [years'] on the charge of [OSM] and fifteen … [days'] to five … [years'] on the charge of [COM].

_____

Attorney Wayne Bradburn subsequently entered his appearance on February 22, 2012. At the same time that he

entered his appearance, [Attorney] Bradburn filed a Post-Sentence Motion and/or Motion to Vacate or Modify. A hearing on said Motion was held before the [c]ourt on March 7, 2012. At the hearing[,] the [c]ourt vacated its sentence of February 13, 2012, and [Appellant] was detained pending a probation violation hearing that was to be scheduled. Said hearing was scheduled for April 9, 2012. At that time, the [c]ourt revoked [Appellant's] probation and resentenced him on the charge of [COM] to serve thirty … days['] to five … years[' incarceration]. The [c]ourt also corrected the illegal sentence on the charge of [OSM] by vacating and resentencing [Appellant] on that charge to serve one … year probation, effective September 2007. This sentence essentially eliminated this charge from the case, as it then maxed out in September 2008. During this hearing, defense counsel indicated that the [c]ourt had proceeded correctly in its resentencing; [Appellant] also admitted he violated his probation.

PCRA Court Opinion, 10/23/13, at 2-3.

Appellant filed a counseled PCRA petition on May 1, 2013, claiming that Attorney Bradburn rendered ineffective assistance of counsel (IAC) and that his sentence was illegal. On October 23, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss, and an opinion in support thereof. Appellant filed a *pro se* response, despite still being represented by counsel. On November 8, 2013, the PCRA court issued an order dismissing Appellant's petition. He filed a timely notice of appeal as well as a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On March 3, 2014, Appellant's counsel filed with this Court a "*Praecipe to Withdraw Appearance*" indicating that Appellant wished to proceed *pro se*. In response, this Court issued an order remanding the case for the PCRA

court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). After conducting that hearing, the PCRA court issued an order on May 7, 2014, directing that Appellant be permitted to proceed *pro se*. Appellant filed a *pro se* brief raising the following issue for our review: "Whether the lower court erred in dismissing [Appellant's] PCRA petition?" Appellant's Brief at 4 (unnecessary capitalization omitted).

To begin, we note that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Appellant's argument on appeal is confusing, but from what we can ascertain, he avers the following. First, he maintains that his 2007 sentence was illegal in its entirety. As such, his resentencing in 2008, which was based upon a violation of his 2007 sentence, was also illegal under this Court's decision in **Commonwealth v. Milhomme**, 35 A.3d 1219, 1222 (Pa. Super. 2011) (holding that where the underlying sentence of probation is illegal, a sentence based on a revocation of that probation sentence is also

illegal). Because both of these sentences were illegal, the only lawful sentence in effect was his original sentence imposed in 2001. Pursuant to that sentence, Appellant's concurrent five-year terms of probation for COM and OSM expired in May of 2011. Thus, Appellant claims that he was not lawfully serving a sentence of probation at the time of the probation violation in late 2011 that led to his most recent resentencing on April 9, 2012. Consequently, he asserts that his instant sentence is illegal, as well. Appellant also contends that his counsel, Attorney Bradburn, was ineffective for not challenging the legality of Appellant's 2008 sentence at the post-sentence motion hearing on March 7, 2012.

In rejecting Appellant's arguments and concluding that his current sentence is legal, the PCRA court emphasized "the following chronology[:]"

> [Appellant] served and maxed out the sentence on the charge of Criminal Attempt – Statutory Assault on May 16, 2006. At this time, the probationary sentences began to run for both the [OSM] and [COM] charges. Since the sentence for both of these charges carried with them five … years['] probation, to be served concurrently, the max date for both would have been May 16, 2011.
>
> However, in September 2007 the [c]ourt only revoked the charge of [OSM], and the original sentence for the [COM] charge continued to run as initially sentenced in 2001. The [c]ourt did not vacate the original sentence on the [COM] charge when it resentenced [Appellant] in September 2007. Therefore, the sentence had to continue to run for five … years, from May 2006 to May 2011. In December 2008, while the original sentence on the [COM] charge was still running, the [c]ourt specifically revoked [Appellant's] probation on that charge and resentenced him to five … years['] probation. Therefore, the sentence for the [COM] charge would not expire until December 2013.

The [c]ourt acknowledges that the sentence entered in 2007, on the [OSM] charge, was later deemed an illegal sentence by the Superior Court. **See Basinger, supra**. Nonetheless, this sentence was legal at the time it was imposed by the [c]ourt. Furthermore, the [c]ourt recognizes the fact that the 2008 sentence, also on the [OSM] charge, was also held to be illegal. [] **Milhomme**, 35 A.3d [at 1222].… Once again, this sentence was not considered illegal at the time of its imposition, but only became so after the Superior Court's decision in 2011.

However, the [c]ourt highlights that the sentence of 2008, on the [COM] charge was untouched by the illegal sentences imposed for the [OSM] charge. Thus, the [c]ourt was free to revoke [Appellant's] probation on the charge for [COM] in 2008, and the probationary period ran from that time until 2013. As stated above, [Appellant]'s probation violation occurred in late 2011 or early 2012. Either way, the violations occurred during [Appellant's] probation and the [c]ourt acted properly in resentencing [Appellant] on the charge of [COM] to serve thirty … days['] to five … years['], in April of 2012. As described earlier in this Opinion, the [c]ourt vacated and resentenced [Appellant] on the [OSM] charge and the [COM] charge was untouched by the former's illegal taint.

PCRA Court Opinion at 4-6 (footnote omitted). Because the PCRA court concluded that Appellant's instant sentences were lawful, it found that Attorney Bradburn could not be deemed ineffective for failing to challenge them. *Id.* at 6.

We agree with the PCRA court that Appellant's two sentences for OSM and COM were separate and distinct, and the illegality of the OSM sentence(s) did not render the COM sentence(s) illegal. Accordingly, Attorney Bradburn had no basis upon which to challenge the legality of the 2008 COM sentence at the March 7, 2012 post-sentence motion hearing. Because Appellant was serving a legal probationary sentence for his COM

offense at the time of his current probation violation, the new sentence he received for COM on April 4, 2012, is valid. Accordingly, we ascertain no abuse of discretion in the PCRA court's denial of Appellant's illegal sentence and IAC claims regarding his COM sentence.

In regard to Appellant's 2012 OSM sentence, and Attorney Bradburn's failure to challenge the legality of the 2008 sentence for this offense, we are without jurisdiction to review these claims. Appellant's OSM sentence "maxed out in September 2008." PCRA Court Opinion at 3. Because Appellant is no longer serving a sentence for that offense, he is not eligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, a petitioner must prove he is "currently serving a sentence of imprisonment, probation or parole *for that crime*") (emphasis added).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2014