J-A24016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE TYROE SHIELDS | |
| Appellant | No. 1174 WDA 2016 |

Appeal from the Judgment of Sentence Dated July 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008505-2015

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

JUDGMENT ORDER BY SOLANO, J.:          FILED:  SEPTEMBER 29, 2017

Appellant Tyree Tyroe Shields appeals from the judgment of sentence imposed after he was convicted, following a bench trial, of two counts of robbery – threat of immediate serious injury; two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; two counts of intentional possession of a controlled substance by a person not regulated; two counts of firearms offenses; and simple assault.[1]  We vacate the judgment of sentence and remand for resentencing, which shall include a determination of whether Appellant is eligible for a

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii), 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), and 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 2701(a), respectively.

reduced sentence under the Recidivism Risk Reduction Incentive ("RRRI") Act.[2]

Appellant was convicted of all of the counts on which he was charged. He was sentenced on July 11, 2016, to an aggregate period of incarceration of 2 to 4 years on one robbery count and a consecutive sentence of 1 to 3 years on one of the firearms counts. No additional penalty was imposed on the remaining counts. Trial Ct. Op. at 2. On July 28, 2016, Appellant filed a post-sentence motion, which the trial court denied on August 8, 2016. On August 10, 2016, Appellant timely appealed.

Appellant raises the following issues:

[I.] Whether [Appellant]'s sentence is illegal when the trial court failed to determine, on the record at the time of sentencing, whether [Appellant] is an eligible offender under the Recidivism Risk Reduction Incentive Act, thereby violating 61 Pa.C.S.A. § 4505(a)?

[II.] Whether the trial court abused its discretion in not granting [Appellant]'s counseled request to accept his post-sentence motion nunc pro tunc, thereby preventing him from raising on direct appeal a challenge to the discretionary aspects of his sentence?

Appellant's Brief at 5 (issues re-numbered; suggested answers omitted).

_____

[2] 61 Pa.C.S. §§ 4501-4512. The RRRI Act "is intended to encourage eligible offenders committed to [custody] to participate in and successfully complete evidence-based programs under this chapter that reduce the likelihood of recidivism and improve public safety." Id. § 4504(b). "The RRRI statute offers, as an incentive for completion of the program, the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence. 61 Pa.C.S.A. § 4506." Commonwealth v. Robinson, 7 A.3d 868, 872 (Pa. Super. 2010).

Appellant contends that his sentence is illegal because the trial court failed to determine on the record at the time of sentencing whether he is an eligible offender under the RRRI Act. Appellant's Brief at 13, 21. The Commonwealth agrees that, "since the judge failed to determine on the record at the time of sentencing whether Appellant was eligible for the RRRI program, the sentence is illegal and the matter must be remanded" for resentencing. Commonwealth's Brief at 7; see also id. at 6. The trial court did not address this issue.[3]

"Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is de novo." Commonwealth v. Milhomme, 35 A.3d 1219, 1221 (Pa. Super. 2011). Under 61 Pa.C.S. § 4505(a): "At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender" under the RRRI Act. 61 Pa.C.S. § 4505(a) (emphasis added). This determination therefore is compulsory. Accordingly, we agree with the parties that Appellant's sentence is illegal due to the trial court's failure to make a determination of Appellant's RRRI eligibility on the record at the time of sentencing, and the

_____

[3] Although Appellant's RRRI issue was not raised in his post-sentence motion or in his Pa.R.A.P. 1925(b) statement, this Court has held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal," and this "issue presents a non-waivable challenge to the legality of [the] sentence." Robinson, 7 A.3d at 871. Thus, we may not find this issue waived.

matter must therefore be remanded for resentencing.[4]  As we are remanding for resentencing, we need not address Appellant's second issue as to whether the court abused its discretion by denying his request to file a post-sentence motion nunc pro tunc.

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/29/2017

---

[4] We make no determination as to whether Appellant qualifies as an eligible offender pursuant to the RRRI Act.