J-S38026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICIA HAWES | : | |
| | : | |
| Appellant | : | No. 1834 WDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001590-2007

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 23, 2018**

Appellant Patricia Hawes appeals from the judgment of sentence imposed after the trial court found her in violation of her parole and purporting to recommit her to serve the remainder of an underlying maximum sentence of two-and-one-half years.  Appellant claims that the trial court lacked the authority to revoke her parole and abused its discretion at sentencing.  We conclude that the trial court lacked authority to revoke Appellant's parole and vacate the judgment of sentence and remand for further proceedings consistent with this memorandum.

The relevant procedural history of this appeal is undisputed.  On October 17, 2007, in docket 1590-2007, Appellant pled guilty to one count of forgery

_____

[*] Retired Senior Judge assigned to the Superior Court.

graded as a felony of the third degree.[1] On February 29, 2008, the trial court sentenced Appellant to five years' probation.

Appellant violated the conditions of her probation several times between September 2008 and November 2013, and on December 12, 2013, the trial court revoked Appellant's probation. That same day, the trial court sentenced Appellant to ten days' to five years' imprisonment to be served in the Cambria County Prison (county prison) with parole effective immediately. The effective date of that sentence was December 2, 2013.

Appellant was subsequently charged with committing new offenses, *i.e.*, retail theft and delivery of cocaine. On June 23, 2016, Appellant's parole officer filed a petition for a parole violation hearing. On June 28, 2016, the trial court entered an order finding Appellant in violation of parole and directed that Appellant remain in county prison pending resolution of the new charges.

On December 5, 2016, Appellant's counsel filed a petition for a status hearing. Appellant indicated that the Commonwealth intended to dismiss the delivery of cocaine charge by writ of *nolle prosequi* because that charge was adopted in a separate federal prosecution. On December 19, 2016, the trial court convened a hearing at which it purported to revoke Appellant's parole, but "resentenced" Appellant to six-and-one-half months' to two-and-one-half years' imprisonment in county prison with parole effective immediately. The trial court indicated that the effective date of its sentence was June 7, 2016.

---

[1] 18 Pa.C.S. § 4101(a)(1).

On that same day, Appellant was paroled, but remained in county prison on a federal detainer.

On February 1, 2017, while in county prison on the federal detainer, Appellant tested positive for the use of the drug Suboxone. On February 16, 2017, Appellant's county parole officer filed a petition for a violation hearing. On February 28, 2017, the trial court found that Appellant violated her parole and directed that Appellant serve the remainder of her sentence.

Appellant initially appealed the trial court's February 28, 2017 order, but this Court dismissed the appeal after Appellant failed to file a docketing statement. On November 21, 2017, Appellant's right to a direct appeal was reinstated by a PCRA court. This appeal follows.

Appellant presents two issues, which we have reordered for review:

[1]. Whether the [t]rial [c]ourt abused its discretion by taking the opportunity for parole away from the Parole Board, when sentencing the Appellant on her parole violation hearing?

[2]. Whether the [t]rial [c]ourt erred in imposing a sentence maxing the Appellant on her [p]arole [v]iolation when at the time of the violation hearing, the Appellant was not serving her parole sentence on the state sentence docketed at 1590-2007, but rather she was detained on new [f]ederal charges?

Appellant's Brief at 4.

Appellant, in her first issue, claims that the trial court lacked the authority to revoke her parole. In support, Appellant cites ***Commonwealth v. Hall***, 652 A.2d 858, 859-860 (Pa. Super. 1995), which held that the Court of Common Pleas does not retain jurisdiction in matters of parole when the

maximum sentence is greater than two years. *Id.* at 12-13. Appellant concludes that parole authority in this case did not "fall with the [t]rial [c]ourt." *Id.* at 13.

Appellant's challenge to the authority of the trial court to decide matters of parole presents a pure question of law over which our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Milhomme*, 35 A.3d 1219, 1221 (Pa. Super. 2011). At the outset, it is helpful to recall the Pennsylvania Supreme Court's discussion of the distinctions between probation and parole.

> As commonly defined, probation is "[a] sentence imposed for commission of crime whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration." Conversely, parole is the "[r]elease from jail, prison or other confinement after actually serving part of the sentence. Conditional release from imprisonment which entitles parolee to serve remainder of his term outside the confines of an institution, if he satisfactorily complies with all terms and conditions provided in parole order." As is relevant, a court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence. In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled.

*Commonwealth v. Holmes*, 933 A.2d 57, 59 n.5 (Pa. 2007) (citations omitted).

Appellant, in challenging the trial court's parole authority, cites to previous decisions holding that

> the authority to parole convicted offenders lies with the Common Pleas Court when the offender is sentenced to a maximum term

- 4 -

of imprisonment of less than two years, and with the Parole Board when the sentence is in excess of two years.

***Commonwealth v. McMaster***, 730 A.2d 524, 527 (Pa. Super. 1999) (citation omitted).

The above-stated principle that a sentencing court was divested of parole authority if a maximum sentence was greater than two years derived from former Section 17 of the Parole Act, 61 P.S. § 331.17 (repealed 2009).[2]

_____

[2] Former Section 17 of the Parole Act as follows:

> The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. It is further provided that the board shall have exclusive power to supervise any person hereafter placed on probation or parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the probation or such parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, That the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal

*See Commonwealth v. Tilghman*, 673 A.2d 898, 901-02 (Pa. 1996)*.* Former Section 17 vested the Pennsylvania Board of Probation and Parole (the board or the Board) with exclusive authority over individuals sentenced to a maximum sentence of two years or more and regardless of the place of confinement. *See id.* (indicating that Section 17 vested in the board exclusive parole authority over "all persons . . . sentenced . . . to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution" but did "not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years").

Effective October 13, 2009, however, former Section 17 was repealed. Effective that same date, Section 6312 of the Prisons and Parole Code took effect and set forth the Board's parole power as follows:

> **(a) General rule.--**The board shall have exclusive power:
>
> (1)(i) To parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution
>
> (ii) This paragraph applies to inmates sentenced to definite or flat sentences
>
> (2)(i) To supervise any person placed on parole, when sentenced to a maximum period of less than two years, by any

---

offenses. The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences.

61 P.S. § 331.17.

judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as provided in this chapter with regard to parole cases within one of the classifications set forth in this chapter.

(ii) Except for such special cases, the powers and duties conferred by this section shall not extend to persons sentenced for a maximum period of less than two years **and shall not extend to those persons committed to county confinement within the jurisdiction of the court pursuant to 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement)**.

**(b) Construction.--**Nothing contained in this section shall be construed to prevent a court from paroling any person sentenced by it for a maximum period of less than two years **or from paroling a person committed to county confinement within the jurisdiction of the court pursuant to 42 Pa.C.S. § 9762**.

61 Pa.C.S. § 6132(a)-(b) (emphases added).  Section 9762, in turn, provides the general framework that, *inter alia*, a person sentenced to a maximum of (1) "five or more years shall be committed to the Bureau of Corrections for confinement" and (2) "two years or more but less than five years" may be committed to the Department of Corrections or to a county prison.  42 Pa.C.S. § 9762(a)(1)-(2), (b)(1)-(2).[3]

Current Section 6132, unlike former Section 17, creates an exception under which the board's exclusive power does not extend to persons

---

[3] Section 9762(a) applies to sentences imposed within three years of the effective date of Section 9762 in 2009.  Section 9762(b) applies to sentence imposed after three years from the section's effective date.  Section 9762(b) contains additional "exceptions" that must be met in order to commit a defendant to county prison when the maximum sentence is two years or more and less than five years.  *See* 42 Pa.C.S. § 9762(b)(2)(i)-(iii).

committed to county confinement. *See* 61 Pa.C.S. § 6132(a)(2)(ii), (b). Therefore, when read together with Section 9762, the trial court may retain parole authority when it sentences a defendant to a maximum term of imprisonment less than five years and commits the defendant to county confinement pursuant to Section 9762.[4] *See* 61 Pa.C.S. § 6132(a)(2)(ii), (b); 42 Pa.C.S. § 9762 (a)(2), (b)(2).

Instantly, Appellant was initially sentenced to five years' probation in 2008. In December 2013, the trial court revoked Appellant's probation and resentenced Appellant to ten days' to **five years**' imprisonment to be served in county prison. Because the maximum term of the sentence was five years, the trial court contravened Section 9762 regarding the place of confinement and Appellant should have been committed to the Department of Corrections. *See* 42 Pa.C.S. § 9762(b)(1). Moreover, the trial court divested itself of proper parole authority. *See* 61 Pa.C.S. § 6132(a)(2)(ii), (b).

In December 2016, the trial court purported to revoke Appellant's 2013 parole and resentence Appellant to a maximum sentence of two-and-one-half years' imprisonment. As stated above, however, the trial court did not have proper parole authority because the 2013 sentence imposed a maximum of five years' imprisonment. Moreover, while the trial court purported to revoke

_____

[4] We note that 42 Pa.C.S. § 9775 provides that a sentencing court "shall grant parole" when the maximum sentence is less than two years and that "parole shall be without supervision by the board." 42 Pa.C.S. § 9775; *accord* 61 Pa.C.S. § 6132(a)(2)(i). Thus, the trial court retains exclusive jurisdiction over parole when the sentence is less than two years unless it places a special order for supervision by the board.

Appellant's **parole**, it **resentenced** Appellant to a new sentence, rather than recommitting Appellant to serve the remainder of the 2013 sentence. Therefore, the purported "resentencing" of Appellant was also improper. *See Holmes*, 933 A.2d at 59 n.5; *accord Tillman v. Pennsylvania Bd. Of Probation and Parole*, 409 A.2d 949 (Pa. Cmwlth. 1980).

Thus, turning to the February 28, 2017 revocation and disposition hearing presently on appeal, we are constrained to conclude that the trial court lacked proper parole authority. To summarize, the five-year maximum in the trial court's 2013 sentence divested the court of parole authority, and the 2016 sentence imposing a new, lesser maximum sentence of two-and-one-half years was improper. As of 2013, Appellant should have been committed to the Department of Corrections for confinement, *see* 42 Pa.C.S. § 9762(b)(2), and the power over Appellant's parole fell within the exclusive jurisdiction of the board. *See* 61 Pa.C.S. § 6132(a)(1)(i). As of 2016, the trial court lacked parole authority and, in any event, could not have imposed a new sentence. Consequently, the February 28, 2017 sentence recommitting Appellant to the serve the remainder of the 2016 maximum sentence is illegal as it relies on a previous illegal sentence. *Cf. Milhomme*, 35 A.3d at 1222 (vacating a violation of probation sentence as illegal due to a prior illegal sentence). Accordingly, the February 28, 2017 order must be vacated, and this matter must be remanded to the trial court for the vacating of the

December 2016 order, and the entry of an order committing Appellant to the Department of Corrections as was required by the 2013 sentence.[5]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2018

---

[5] Because we conclude that the trial court lacked the authority to revoke Appellant's parole, we decline to consider her further argument that the revocation and subsequent "sentence" constituted an abuse of discretion.