J-A13032-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                        :   PENNSYLVANIA
                                                        :

          v.  :

                                                         :

CHRISTOPHER RICHARDSON  :

                                                        :

          Appellant  :       No. 1098 WDA 2017

Appeal from the Judgment of Sentence May 15, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0009495-2014

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED JULY 25, 2018

Christopher Richardson ("Richardson") appeals from the judgment of

sentence imposed following his guilty plea to murder of the third degree.  See

18 Pa.C.S.A. § 2502(c).  We vacate and remand for resentencing.

The trial court set forth the relevant facts of the case as follows:

On July 5, 2014, at approximately 11 a.m., [Richardson] called
911 from the Sunoco located on 533 Brookline Boulevard.  He told
the dispatcher that the person he was living with at the time, Alan
Krupitzer [("Krupitzer")], the victim in this case, who was age 75,
was either stabbed or shot and appeared to be dead.

Officers responded to the Sunoco and made contact with
[Richardson].    [Richardson] took the police to 2329 Pioneer
Avenue, where [Richardson] was staying with Krupitzer, and told
the police that Krupitzer was on the ground bleeding but that he
didn't know what happened to him.

Medics arrived on the scene and pronounced Krupitzer dead at
11:16 a.m.    [Richardson] was then transported to Pittsburgh
police headquarters, where he waived his Miranda rights and
agreed to provide a statement.

Initially[,] [Richardson] denied having any involvement in the death of Krupitzer but then admitted that he had asked Krupitzer for money so he could buy himself some beer.

[Richardson] further stated that when Krupitzer denied having any money, that he had checked Krupitzer's pockets for money and Krupitzer pushed him away. [Richardson] then stated that he got a knife and stabbed Krupitzer multiple times in the stomach and the heart.

An autopsy was performed on the body of [] Krupitzer. The autopsy revealed multiple sharp force injuries of the trunk, to include a stab wound to the shoulder, two stab wounds to the chest and three stab wounds to the back. The cause of death was determined to be multiple stab wounds of the trunk.

Trial Court Opinion, 11/7/17, at 3-4 (citation omitted).

Richardson was charged with one count each of criminal homicide and robbery. Pursuant to an open plea agreement, Richardson pled guilty to murder of the third degree, and the Commonwealth withdrew the robbery count. On May 15, 2017, the trial court, without considering whether Richardson is an eligible offender under the Recidivism Risk Reduction Incentive Act ("RRRI"), sentenced Richardson to a prison sentence of ten to twenty years, with 1,045 days of credit for time served. Richardson filed a Motion to Modify Sentence, which was denied.

Richardson filed a timely Notice of Appeal, and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Richardson raises the following questions for our review:

I.      Whether [] Richardson's sentence is illegal when the trial court failed to determine, on the record at the time of sentencing, whether he is an eligible offender under the [RRRI], thereby violating 61 Pa.C.S.A. § 4505(a)?

II.     Whether the trial court abused its discretion when it overruled [] Richardson's objection, and allowed Commonwealth witness Ken Krupitzer[, Krupitzer's brother,] to make a sentencing recommendation[,] when such testimony does not constitute proper victim-impact evidence?

Brief for Appellant at 4.

In his first claim, Richardson contends that his sentence is illegal because the trial court failed to determine if he is an eligible offender under the RRRI.  Id. at 19; see also id. (claiming that where there is no statutory authorization for a sentence, the sentence is illegal).  Richardson argues that under the RRRI, the trial court must make a determination of eligibility at sentencing.  Id. at 21.  Richardson points out that the trial court acknowledged its failure to make this determination.  Id. (citing Trial Court Opinion, 11/7/17, at 6).  Richardson claims that because his sentence is illegal, he must be resentenced.  Brief for Appellant at 23.  The Commonwealth concedes that Richardson's sentence is illegal and that he is entitled to resentencing.  Brief for the Commonwealth at 6-7.

"Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is de novo."  Commonwealth v. Milhomme, 35 A.3d 1219, 1221 (Pa. Super. 2011).

Under the RRRI, "[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender."  61 Pa.C.S.A. § 4505(a) (emphasis added); see also 42 Pa.C.S.A. § 9756(b.1) (wherein the

Sentencing Code states, "[t]he court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive)." Where the trial court fails to make a statutorily-required and compulsory RRRI eligibility determination at sentencing, the defendant's sentence is illegal. Commonwealth v. Robinson, 7 A.3d 868, 871 (Pa. Super. 2010).

Our review of the certified record reflects that the trial court failed to make a determination regarding Richardson's RRRI eligibility at sentencing. See N.T., 5/15/17, at 1-15; see also Trial Court Opinion, 11/7/17, at 4 (acknowledging "that failure to make this statutorily[-]required determination is error[.]"). The trial court proffers that this error is harmless because Richardson was clearly not an eligible offender due to the fact that Richardson stabbed Krupitzer multiple times and Richardson demonstrated violent behavior. See Trial Court Opinion, 11/7/17, at 4-5. However, as noted above, the trial court is statutorily mandated to make an on the record determination regarding RRRI eligibility at sentencing. See 61 Pa.C.S.A. § 4505(a); Robinson, supra. Accordingly, because Richardson's eligibility must be determined at the sentencing hearing, we are constrained to vacate Richardson's judgment of sentence and remand this matter for a

determination of whether he is RRRI eligible at a new sentencing hearing.[1]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2018

_____

[1] In Richardson's second claim, he argues that the trial court abused its discretion in allowing Krupitzer's brother to make a sentencing recommendation during his victim impact statement. Brief for Appellant at 24-36. While we are vacating and remanding for resentencing based upon the RRRI issue, the trial court should preclude such a sentencing recommendation during the victim impact statement due to its irrelevance to the imposition of the sentence. See Commonwealth v. King, 182 A.3d 449, 455 (Pa. Super. 2018) (noting that "the purpose of victim impact statements is to personalize the crime and to illustrate the human effects of it."); see also 18 P.S. § 11.201(5) (stating that victim impact statements should include "the physical, psychological and economic effects of the crime on the victim and the victim's family."); 42 Pa.C.S.A. § 9721(b) (stating that in sentencing a defendant, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."). With regard to victim impact statements, we acknowledge that trial courts are "presumed to be capable of identifying and properly disregarding all but the most prejudicial and inflammatory evidence." Commonwealth v. Penrod, 578 A.2d 486, 491 (Pa. Super. 1990). Nevertheless, at the new sentencing hearing, Krupitzer's brother's opinion as to the prison term should not be admitted.