**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN B. CONNOR | : | |
| | : | |
| Appellant | : | No. 1691 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 11, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006744-2014

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:             **FILED SEPTEMBER 13, 2021**

Appellant, Brian B. Connor, appeals from the judgment of sentence imposed after the revocation of his probationary sentence for indecent assault and corruption of minors.[1]  We affirm.

On December 11, 2014, Appellant entered a negotiated *nolo contendere* plea to the aforementioned charges.  That same day, the trial court imposed the agreed-upon sentence of time served to 23 months' imprisonment with immediate parole on the indecent assault count and a three-year consecutive term of probation on the corruption of minors count.  The sentencing order also directed that Appellant "pay costs."  Sentencing Order, 12/11/14.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(1), 6301(a)(1)(i).

On February 21, 2019—prior to the expiration of his probationary sentence in the instant case—Appellant was arrested and charged with the offense of bad checks. Appellant was subsequently arrested and charged with bad checks and theft by deception in a separate matter on June 20, 2019. Following his convictions in these two matters, a *Gagnon II*[2] hearing was held. At that hearing, Appellant stipulated to the violation of the terms of his probation based on the convictions but opposed the sentence recommended by his probation agent. N.T., 8/11/20, at 4. At the conclusion of the hearing, the trial court revoked Appellant's probation and sentenced him to one to two years' imprisonment with credit for time served on the corruption of minors count. *Id.* at 14-15; Sentencing Order, 8/11/20.[3] Appellant then filed this timely appeal.

On appeal, Appellant presents the following issue:

> Did not the imposition of costs as part of [A]ppellant's original sentence from December 11, 2014 render his entire sentence illegal inasmuch as [A]ppellant was entitled to a determination at sentencing of whether court costs should be reduced or waived based on his financial means and an ability to pay; and, as a result of that original illegal sentence, did not the revocation sentence imposed by the trial court also constitute an illegal sentence?

Appellant's Brief at 4. Appellant's claim implicates the legality of his sentence. *Commonwealth v. Snyder*, 251 A.3d 782, 797 (Pa. Super. 2021). As such,

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] No further punishment was imposed on the indecent assault count.

our scope of review is plenary, and our standard of review is *de novo*. ***Commonwealth v. Derrickson***, 242 A.3d 667, 673 (Pa. Super. 2020).

Appellant argues that his original sentence imposed on December 11, 2014 was illegal to the extent that the trial court required him to pay court costs associated with his prosecution without conducting a hearing on his ability to pay the costs. Appellant contends that Rule of Criminal Procedure 706(C)[4] as well as Section 9728(b.2) of the Sentencing Code[5] each require that the sentencing court consider the defendant's ability to pay at the time that costs are imposed. Appellant further argues that we are bound by our *en banc* decision in ***Commonwealth v. Martin***, 335 A.2d 424 (Pa. Super. 1975), which, according to Appellant, interpreted the predecessor rule to Rule 706(C) as mandating an ability-to-pay hearing prior to the imposition of costs.

---

[4] Rule 706(C) reads as follows:

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706(C).

[5] The relevant subsection of Section 9728 provides as follows:

**(b.2) Mandatory payment of costs.**--Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), unless the court determines otherwise pursuant to Pa.R.Crim.P. No. 706(C) (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

42 Pa.C.S. § 9728(b.2).

Appellant notes that the costs imposed at his original sentence remain outstanding and were not altered by his revocation sentence under appeal. Appellant argues that, because the original imposition of costs without consideration of his ability to pay was illegal, his revocation sentence currently under appeal is also illegal as well. *See Commonwealth v. Milhomme*, 35 A.3d 1219, 1222 (Pa. Super. 2011) (holding that, where an original probationary sentence is illegal, the sentence of imprisonment imposed for the violation of the probation is also illegal and must be vacated). Therefore, Appellant requests that we vacate his revocation sentence and remand for an ability-to-pay hearing.

During the pendency of this appeal, this Court decided *Commonwealth v. Lopez*, 248 A.3d 589 (Pa. Super. 2021) (*en banc*),[6] in which we rejected the exact arguments Appellant makes here. In *Lopez*, we held that Rule 706(C) only requires an ability-to-pay hearing when the defendant faces incarceration for non-payment and imposes no requirement for a presentence determination of the defendant's ability to pay. *Id.* at 590, 592-94. Similarly, we concluded that Section 9728(b.2), when read with in conjunction with its companion statute of Section 9721(c.1) of the Sentencing Code, 42 Pa.C.S. §

---

[6] On August 24, 2021, the Pennsylvania Supreme Court granted Lopez's petition for allowance of appeal as to the following issue: "Whether Pennsylvania Rule of Criminal Procedure 706(C) requires a trial court to consider a defendant's ability to pay prior to imposing mandatory court costs at sentencing?" *Commonwealth v. Lopez*, No. 178 EAL 2021 (Pa. filed August 24, 2021) (*per curiam* order).

9721(c.1), make the imposition of court costs mandatory but "in no way place[] an affirmative duty on a sentencing court to hold an ability-to-pay hearing prior to imposing mandatory costs upon a defendant." *Lopez*, 248 A.3d at 594. Furthermore, in *Lopez* we distinguished our prior decision in *Martin*, observing that the latter decision concerned whether a **fine** could be imposed without consideration of a defendant's ability to pay and this Court did not pass on the distinct question of whether a sentence imposing mandatory **costs** is illegal without a contemporaneous ability-to-pay hearing. *Id.* at 595.

Accordingly, pursuant to *Lopez*, a trial court has the discretion to hold a hearing regarding a defendant's ability to pay costs at sentencing, but an ability-to-pay hearing is only required when "a defendant is in peril of going to prison for failing to pay the costs imposed on him." *Id.* at 595; *see also Snyder*, 251 A.3d at 798. Therefore, the trial court in the instant matter did not err by imposing costs on Appellant at his original December 11, 2014 sentencing without inquiring as to his ability to pay those costs. Moreover, because Appellant has not shown that his original sentence was illegal, we discern no legal defect in Appellant's revocation sentence currently before us. *Milhomme*, 35 A.3d at 1222. Appellant is entitled to no relief in this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021