J-S17020-22
J-S17021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN GARRIS | : | |
| | : | |
| Appellant | : | No. 2018 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002143-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN GARRIS | : | |
| | : | |
| Appellant | : | No. 2019 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006278-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN GARRIS | : | |
| | : | |
| Appellant | : | No. 2020 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002064-2021

J-S17020-22
J-S17021-22

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 2, 2022**

Brian Garris appeals from the judgments[1] of sentence, entered in the Court of Common Pleas of Delaware County, following his violation of probation/parole and his entry of an open guilty plea to possessing prohibited offensive weapons,[2] possession of a controlled substance,[3] possession of drug paraphernalia,[4] and several summary offenses. After our review, we vacate and remand.

On September 2, 2021, following revocation of probation/parole as a result of Garris' conviction of the abovementioned offenses, *see* N.T.

_____

[1] Judgments of sentence were imposed on dockets CP-23-CR-0002143-2019 and CP-23-CR-0006278-2019 following Garris' violation of probation; the appeals are docketed, respectively, at 2018 EDA 2021 and 2019 EDA 2021. By order dated January 21, 2022, this Court consolidated those appeals. *See* Pa.R.A.P. 513. On docket CP-23-CR-0002064-2021, judgment of sentence was imposed following Garris' entry of a guilty plea to a new offense; the appeal from that judgment is docketed at 2020 EDA 2021. Garris has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." ***Id.*** at 977. Garris filed three separate notices of appeal on September 2, 2021. On December 21, 2021, this Court ordered the consolidated appeals at 2018 EDA 2021 and 2019 EDA 2021 be listed consecutively to the appeal at 2020 EDA 2021. For purposes of our disposition, we have consolidated 2020 EDA 2021 with the consolidated appeals at 2018 EDA 2021 and 2019 EDA 2021. ***See*** Pa.R.A.P. 513.

[2] 18 Pa.C.S. § 908.

[3] 35 P.S. § 780-113(a)(32).

[4] 35 P.S. § 780-113(a)(32).

- 2 -

Sentencing/Gagnon, 9/2/20, at 38-39,[5] the court resentenced him to 9 to 36 months' incarceration, and for the new offenses, the court sentenced him to 6 to 23 months' incarceration, followed by 3 years' probation. The court ordered the sentences to run concurrently, and, thus, Garris was required to serve an aggregate term of 9 to 36 months' imprisonment, followed by 3 years' probation.

Garris filed timely post-sentence motions, which were denied, and on September 30, 2021, he filed timely notices of appeal. *See* n.1, *supra*. Both Garris and the trial court have complied with Pa.R.A.P. 1925. Garris raises the following issues for our review:

1. Whether the court's failure to consider Garris's eligibility pursuant to the Recidivism Risk Reduction Act (RRRI Act), 61 Pa.C.S. §§ 4501 *et seq.*, renders the judgment of sentence illegal?

2. Whether the court's judgment of sentence was excessive and an abuse of discretion where the court did not consider Garris' rehabilitative needs, where Garris had never been offered the opportunity to participate in inpatient treatment to address his mental health and addiction issues, [and] where the court did not give appropriate weight to psychiatric evaluations and gave undue weight to the probation officer's recommendations?

Appellant's Brief, at 8 (reworded for clarity).

A challenge to the trial court's failure to impose a RRRI sentence implicates the legality of sentence. *Commonwealth v. Robinson*, 7 A.3d

_____

[5] The court found Garris in violation of parole on CP-23-CR-0002143-2019, and in violation of parole and probation on CP-23-CR-0006278-2019.

868, 871 (Pa. Super. 2010). Our scope of review is plenary, and our standard of review is *de novo*. **Commonwealth v. Milhomme**, 35 A.3d 1219, 1221 (Pa. Super. 2011).

The RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender." **See** 61 Pa.C.S. § 4505(a); **see also** 42 Pa.C.S. § 9756(b.1) (requiring sentencing court to impose RRRI minimum sentence when defendant is eligible). It is clear "that sentencing courts are required to make an assessment as to an offender's eligibility for a sentence under the RRRI Act and lack discretion to forego imposing one where an offender is eligible." **Commonwealth v. Finnecy**, 249 A.3d 903, 912 (Pa. 2021). **See also Commonwealth v. Robinson**, 7 A.3d 868 (Pa. Super. 2010).

Here, the trial court acknowledges that the issue of RRRI eligibility was not discussed at the revocation sentencing hearing and suggests the issue can be addressed at resentencing. **See** Trial Court Opinion, 12/8/21, at 5-6. We agree. Accordingly, we are constrained to vacate Garris' judgment of sentence and remand for a determination of RRRI eligibility. **See** 61 Pa.C.S. § 4503.[6]

_____

[6] The Commonwealth states that there is no need for remand because Garris has already been paroled on the 9-to-36-month sentence and that "defendant's counsel confirms" this. **See** Commonwealth's Brief, at 8. However, there is nothing in either the record before us or in Garris' brief that indicates Garris is on parole or that Garris' counsel confirmed this. Moreover, even if Garris is currently on parole, he remains subject to a three-year sentence of probation.

Garris' second issue challenges the discretionary aspects of his sentence. However, having already determined Garris is entitled to relief because his sentence is illegal, this issue is moot.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2022