J-S25029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD MICHAEL JEFFERY | : | |
| | : | |
| Appellant | : | No. 2912 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 12, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000331-2009

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:  **FILED OCTOBER 31, 2024**

Edward Michael Jeffery appeals from the judgment of sentence entered following his probation revocation. He challenges both the legality and discretionary aspects of his sentence. We affirm.

In June 2009, Jeffery pleaded guilty to two counts each of robbery and aggravated assault, and one count each of terroristic threats and prohibited offensive weapons.[1] The court sentenced Jeffery to an aggregate term of 41 to 92 months' incarceration followed by eight years' reporting probation.

In October 2023, at a violation of probation ("VOP") hearing, the court found Jeffery in direct violation based on his guilty plea to endangering the welfare of his 19-month-old daughter. Following testimony from Jeffery and his uncle, wife, and brother-in-law, the court revoked Jeffery's probation and

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3701(a)(1)(v), 2702(a)(4), 2706(a)(1), and 908(a), respectively.

sentenced him on his two robbery convictions to concurrent prison terms of two and a half to five years. *See* N.T., 10/12/23, at 17-21, 25. Jeffery filed a motion to reconsider his sentence arguing that the sentence was unreasonable and excessive. *See* Motion to Modify and Reduce Sentence *Nunc Pro Tunc*, filed 10/26/23. Following testimony from Jeffery and his wife, son, and daughter, the court denied the motion. This timely appeal followed.

Jeffery raises the following issues:

I.      Is [Jeffery's] original sentence illegal and, if so, would this illegality render [Jeffery's] sentence following his revocation of probation also illegal?

II.     Did the trial court abuse its discretion by failing to consider [Jeffery's] background and rehabilitative needs when the court sentenced [Jeffery] to 2 ½ years to 5 years of incarceration on his violation of probation?

Jeffery's Br. at 4 (answers of trial court omitted).

Jeffery argues that his original sentence was illegal because he contends that the combined total of the maximum prison and probation sentences for one of his robbery convictions exceeded the statutory maximum. He maintains that because that original sentence was illegal, the newly imposed sentence following his revocation is likewise illegal. He notes that a challenge to the legality of sentence is nonwaivable and suggests that this Court's decision in *Commonwealth v. Milhomme*, 35 A.3d 1219 (Pa.Super. 2011), is controlling.

In *Milhomme*, the defendant appealed his sentence following the revocation of his probation. *Milhomme*, 35 A.3d at 1221. The court originally

sentenced the defendant to two years' probation "conditioned" on his serving four months of incarceration. *Id.* The trial court found the defendant in violation of his probation three times. The third time, three years after his original sentence, the court revoked his probation and sentenced him to 24 months to four years' incarceration. This Court determined his original sentence was illegal because it did not include a minimum and maximum sentence. *Id.* at 1222. As such it determined that his revocation sentence was also illegal. *Id.*

For its part, the Commonwealth maintains that we should not address the legality of Jeffery's original sentence. While it agrees that a challenge to the legality of sentence is nonwaivable, it alleges that this appeal is not the proper means of mounting a legality challenge to the underlying sentence. It states that the review of a revocation of probation sentence "is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence." Commonwealth's Br. at 11 (citing **Commonwealth v. Infante**, 63 A.3d 358 (Pa.Super. 2013)). It further notes that the Post Conviction Relief Act ("PCRA") is the sole means for collateral review of a sentence. **See id.**; 42 Pa.C.S.A. §§ 9541-9546. Finally, it points out that this Court has held that "an appeal challenging a revocation of probation proceeding **cannot** be used to attack the underlying conviction." Commonwealth's Br. at 12 (emphasis added by Commonwealth) (quoting **Commonwealth v. Cartrette**, 83 A.3d 1030, 1036 (Pa.Super. 2013) (*en banc*)). We agree with the Commonwealth.

This Court has previously rejected essentially the same argument as Jeffery now makes in, **Commonwealth v. Diaz**, 314 A.3d 852, 855 (Pa.Super. 2024). There, the defendant's probation had been anticipatorily revoked in 2009, and he was resentenced to prison and probation. He subsequently was found in violation of probation again and the court sentenced him to probation. While serving that probation, and after this Court ruled that a court may not grant anticipatory revocation of probation,[2] the defendant was again resentenced in 2022 for a probation violation.

The defendant in **Diaz** argued that the 2009 VOP sentence was illegal, and that that illegality rendered his subsequent revocation sentences illegal. This Court disagreed. We explained that the prior VOP judgments of sentence had long since become final, and the only judgment of sentence before us was the direct appeal of the 2022 VOP judgment of sentence. **Id.** (citing **Infante**, 63 A.3d at 368) ("Appellant's failure to dispute his original sentence in a timely manner does not foreclose a court, including this one, from correcting the subsequent sentence imposed following probation revocation, if that later sentence is illegal and we have jurisdiction to correct it.").[3]

_____

[2] **See Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) (*en banc*); **see also Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023).

[3] **See also Commonwealth v. Crum**, No. 1091 MDA 2023, 2024 WL 3200044, at *5 (Pa.Super. filed June 27, 2024) (unpublished mem.) (declining invitation to review legality of original sentence and affirming judgment of sentence for revocation of probation).

Here, Jeffery's underlying judgment of sentence from 2009 is long since final. The only judgment properly before us is the 2023 judgment of sentence. *Diaz*, 314 A.3d at 855. Challenges to the legality of sentence may be raised on direct appeal or pursuant to the PCRA, which is the "exclusive vehicle for obtaining post-conviction collateral relief." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super. 2001); *see* 42 Pa.C.S.A. § 9543(a)(2)(vii). *See also Crum*, 2024 WL 3200044, at *5 ("an appeal from revocation proceedings . . . is an inappropriate vehicle for a challenge to an original sentence"). Pursuant to *Diaz*, we cannot entertain a challenge to the 2009 judgment of sentence.

Furthermore, our review of a revocation sentence is limited to "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015). Applying the proper standard and scope of review, we conclude that the instant revocation sentence is not illegal.

Jeffery's second claim challenges the discretionary aspects of his revocation sentence. For such a claim we must determine whether: 1) the appeal is timely; 2) the issue was preserved at sentencing or in a post-sentence motion; 3) the appellant's brief includes a Rule 2119(f) statement; and 4) there is a substantial question raised. *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019).

Here, Jeffery timely appealed and preserved his challenge in a post-sentence motion. He has included a Rule 2119(f) statement in his brief and raises a substantial question claiming that his sentence is excessive and unreasonable because the court failed to consider his rehabilitative needs and background. *See* Jeffery's Br. at 18-19; *see Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*) ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted). Therefore, we will address Jeffery's sentencing claim on the merits.

Sentencing is within the discretion of the sentencing court and will not be disturbed without a finding of an abuse of discretion. *See Commonwealth v. Davis*, 241 A.3d 1160, 1177 (Pa.Super. 2020). The sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (cleaned up).

We discern no abuse of discretion. At sentencing, the court heard counsel's argument that Jeffery accepted responsibility for his probation violation and discussed Jeffery's drug problem. N.T., 10/12/23, at 13. The

court also heard testimony from Jeffery and his family. *Id.* at 17-23. Jeffery told the court about his drug problem and explained that what happened to his daughter was an accident. *Id.* at 21-22. Additionally, the court had the benefit of the PSI report. *Id.* at 2. At the hearing on Jeffery's motion for reconsideration of sentence, the court heard more testimony from Jeffery's family and Jeffery who told that court that he had not been "in any trouble in ten years[.]" N.T., 12/8/23, at 7, 8-10. The record demonstrates that the court considered "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). On this record, we cannot say that the trial court abused its discretion when imposing the sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024